IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STANFORD FOWLER, | § | |
| | § | No. 213, 2020 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| PRATCHER KRAYER LLC, | § | C.A. No. N19A-08-002 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: January 8, 2021
Decided: February 15, 2021

Before **SEITZ,** Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

(1)     The appellant, Stanford Fowler, appeals from the Superior Court's opinion, dated May 18, 2020,[1] affirming the post-trial judgment of the Court of Common Pleas.  On August 20, 2020, this Court entered an order deferring decision on a motion in which Fowler contended that Samuel D. Pratcher, Esquire, should not be permitted to represent the appellee in this appeal (the "Disqualification Motion").  The appellee is a law firm of which Pratcher is a partner.  The dispute in

---

[1] *Fowler v. Pratcher Krayer, LLC*, 2020 WL 2520273 (Del. Super. Ct. May 18, 2020).

this litigation concerns the amount of the fee to which the appellee is entitled for representing Fowler in connection with a personal injury claim.

(2) After consideration of the appellant's arguments and the record on appeal, we AFFIRM on the basis of the Superior Court's opinion. Fowler disagrees with the factual findings of the Court of Common Pleas, but we conclude, as did the Superior Court, that those factual findings are supported by the record and are the product of an orderly and logical reasoning process.[2] To the extent that Fowler argues that Dawn Becker should not have been permitted to testify, review of the trial transcript confirms that Fowler requested permission to call Becker as a witness.[3] Thus, he waived any objection he may have had based on that fact that neither party had identified her as a witness before trial.

(3) Finally, the Disqualification Motion is DENIED. Fowler argues that Pratcher's representation of the appellee law firm presents a conflict of interest because Pratcher, as a partner of the firm, seeks to benefit financially from the outcome of this case. As an initial matter, it does not appear that Fowler objected to Pratcher's representation of the appellee at trial, and he therefore waived his

---

[2] *See Shaw v. Nationwide Ins. Co.*, 2012 WL 3115519, at *1 (Del. July 31, 2012) ("In an appeal from the Court of Common Pleas to the Superior Court, the standard of review is whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record and are the product of an orderly and logical deductive process. This Court applies the same standard of review to the Superior Court's decision." (citations omitted)).
[3] Appendix to Answering Brief at B-0055-57.

objection to Pratcher's participation.[4]  In any event, we find that Fowler has not established a basis for disqualifying Pratcher in the circumstances of this case.[5]

IT IS SO ORDERED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] *Cf. Copeland v. Manuel*, 1994 WL 665257, at *2 (Del. Nov. 22, 1994) ("A party who fails to raise a disqualification issue may not seek to set aside the results of a trial when knowledge of the disqualification was known to the party during trial."); *Conley v. Chaffinch*, 431 F. Supp. 2d 494, 498 (D. Del. 2006) ("Waiver is a valid basis for denial of a motion to disqualify.").

[5] *See* DEL. R. PROF'L COND. R. 1.6(b)(5) & Cmt. 11 (providing that a lawyer may reveal information relating to the representation of a client to the extent the lawyer believes reasonably necessary "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client").